## COMMERCIAL TP., CUMBERLAND COUNTY, N. J., v. STOWMAN et al.
### No. 5676.

Circuit Court of Appeals, Third Circuit.
July 29, 1935.

David M. Bowen, of Bridgeton, N. J. (Douglas V. Aitken, of Bridgeton, N. J., of counsel), for appellant.

James H. Molloy, of Philadelphia, Pa., Louis B. Le Duc, of Camden, N. J., and Willard M. Harris, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the District of New Jersey. A libel in admiralty was filed against the schooner Ethel V. Stowman. The appellant intervened, claiming a prior lien for taxes assessed against the same schooner. The commissioner, to whom the case was referred, allowed the claim but was reversed by the District Court, which held that the taxes were not legally and properly assessed so as to impose a lien in admiralty against the schooner.

The question is whether the appellant, through its assessment, had established a valid lien for taxes against the Ethel V. Stowman. The assessment was against the partnership firm of Fogg & Stowman, as the owners of the schooner. The District Court found from the testimony that the assessment was continued in this manner against Fogg & Stowman, although one member of the partnership had died; that there was no record identification of the Ethel V. Stowman as the schooner meant to be assessed, since the only reference in the assessment was "sch. 5000"; that this defective assessment could not be remedied by the District Court; and that the General Tax Act of New Jersey (New Jersey Laws 1918, ch. 236, art. 5, § 513 [Comp. St. Supp. N. J. 1924, § 208—66d (513)]), which directs that the state courts remedy defects in assessments, did not impose on federal courts its mandatory regulations.

We find no error in these conclusions of the District Court.

The decree is affirmed.